### DAVID BEAL v. COMMONWEALTH.

**Criminal Law—Indictment—Conclusion of Law.**

> An indictment, to be sufficient, must contain an averment of the acts constituting the offense in ordinary and concise language, and where defendant is only charged with permitting games of chance to be played for money, etc., on premises under his control, it is defective, for it states only a conclusion of law.

#### APPEAL FROM BOONE CRIMINAL COURT.

#### September 12, 1877.

OPINION BY JUDGE ELLIOTT:

In 1875 appellant and W. Davis were indicted in the criminal court of the county of Boone for permitting gaming on premises in their occupation and under their control. The games charged to have been played on their premises were divers games of cards, hazard and chance, to-wit, euchre, poker, seven-up and other games

of hazard and chance, at which games of cards, hazard and chance, money and property was then and there bet, won and lost.

We regard the indictment as charging that the appellant and Davis permitted various games of cards to be played on the premises under their control and in their occupancy, and the additional words "other games of hazard and chance" were mere surplusage.

If the indictment had only charged the appellant and Davis with permitting games of hazard and chance to be played for money on premises under their control it would have been defective, because the Criminal Code requires that the indictment must contain "a statement of the acts constituting the offense in ordinary and concise language." In other words, the indictment so drawn would only state a conclusion of law instead of stating the acts constituting the offense, and leaving it to the court to say whether such acts amount to unlawful gaming.

On the trial of the cause the commonwealth, against the objection of appellant, proved by one witness that while he and others were raffling for money in appellant's and Davis's barn, appellant passed by them into the barn and returned back out of it, and this was all the evidence adduced by the appellee.

This evidence did not conduce to prove any game of cards as charged in the indictment, and the court erred in its admission. Wherefore the judgment is *reversed* and cause remanded for further proceedings consistent herewith.

*Green & Riddle, for appellant. Moss, for appellee.*